## LUKE HERRICK *vs.* GEORGE FRITCHER.

Where an infant, for the purpose of paying a debt contracted by him, gives his creditor orders upon a third party on account of wages earned by him, which the payee presents, and receives the money upon them in good faith, no action will lie against him, by the infant's father, to recover the money back.

Under such circumstances, the law will not establish a privity between the plaintiff and the defendant, or imply a promise on the part of the latter, to pay to the former the money received upon the orders.

Independent of the statute of 1850, (*Laws of* 1850, *chap.* 266,) the father has no claim upon the person receiving the wages of an infant from his employer, on the order of the infant, to recover the amount so received. And if no notice is given to the employer, as provided by that act, an action will not lie by the parent or guardian, in such a case.

APPEAL from a judgment entered upon the report of a referee. The plaintiff, in his complaint, claimed $300, for moneys had and received by the defendant to his use, from the Erie Railway Company, on account of the wages of· the minor son of the plaintiff. On the trial it appeared, that for four or five months, and perhaps for a longer time, during 1863 and 1864, Coryell Herrick, the plaintiff's minor son, living at the time with his father, performed services for the Erie Railway Company, as a brakeman. It did *not* appear that the plaintiff had, at any time, demanded or received any of the wages of his son from the company, or had given them notice that he should claim the wages of the minor, in pursuance of chapter 266 of the Laws of 1850. It further appeared that

the defendant, who was not aware of Coryell's minority, and resided ninety-six miles distant from the plaintiff, and who knew nothing of, and never saw him till the day of trial, by virtue of two written orders on the Erie Railway Company, drawn out and delivered by Coryell to him, upon presentation, received from the company some $80.57, the amount due the maker for services rendered during the months of March, April and December, 1863, which moneys he appropriated to his own use. It further appeared that the defendant received the moneys by virtue of the orders *only;* that he received them as the *moneys of the son* and *not* of the father, and that he made no demand whatever upon the railway company for any moneys of the plaintiff.

The referee found the above facts, substantially. And as conclusions of law, he found that up to and at the time of the payment by the said railway company to the defendant, upon the orders aforesaid, the plaintiff was entitled to demand, have and receive of the said company, the amount due for the services of his said son, which amount was paid to the defendant on said orders. That the defendant did not incur any liabilty, or become liable in this action to the plaintiff by demanding, taking and receiving from the said company the sum aforesaid, upon the said orders, although the same was paid to him on account of the earnings and services of said Coryell. That the plaintiff was not entitled to recover against the defendant. And that the defendant was entitled to judgment of nonsuit.

Judgment of nonsuit was entered accordingly.

*Hakes & Stevens,* for the appellant.

*A. & C. A. Munger,* for the respondent.

*By the Court,* JOHNSON, J. There was in fact no privity whatever, between the defendant and the plaintiff; and under the circumstances of this case I do not think the law will

Herrick *v.* Fritcher.

establish a privity, or imply a promise on the part of the defendant to pay the money received upon the orders, to the plaintiff. Where there is no privity in point of fact, the law will establish it, in some cases, as when the party receiving money can not in equity and good conscience retain it. In such cases the law frequently creates the privity, and presumes a promise in accordance with the clear moral duty imposed. (*Lime Rock Bank* v. *Plimpton*, 17 *Pick.* 159.) But this is no such case. The defendant received the money in good faith upon the orders, which were drawn for the purpose of enabling him to obtain payment of an honest debt, contracted by the drawer, and in satisfaction and discharge of such indebtedness. It is therefore in no respect unconscionable for him to retain it.. It was not the plaintiff's money, and never had been. It had no ear mark, and the plaintiff never saw ti, nor had it in his possession. Even conceding that he had a demand against the railroad company for the services of his son, it was a mere chose in action, which the defendant never converted or interfered with. If the company paid wrongfully what was due the plaintiff for the wages of the son, the obligation is not discharged, but subsists in full force. The chose in action, which is all the plaintiff ever had, remains unimpaired and in full force as it was before. On the contrary, if the payment was lawfully made, and the obligation, conceding it to have once existed, became thereby satisfied and discharged, it is clear that the plaintiff can have no redress from the defendant. In the latter case, the defendant must be held to have come by the money in a lawful and proper manner, for the purpose for which he received it.

Independent, therefore, of the statute of 1850, I do not see what claim the plaintiff can possibly have against the defendant. By that act (*Sess. Laws of* 1850, *chap.* 266,) it is made the duty of parents and guardians of minor children in the service of other persons, to notify their employers within thirty days after the commencement of the service, that the wages are claimed by such parents or guardians, and if no such notice is given, pay-

ment to the minor is valid. It does not appear that any notice had ever been given by the plaintiff to the company in whose service the minor had for a long time been. There is nothing to show that the plaintiff had any legal claim for the services thus paid. The judgment is therefore right, and must be affirmed.

[Monroe General Term, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson,* Justices.